IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ILLINOIS
                   EASTERN DIVISION

CHRIS ANDERSON,                )
                               )
          Plaintiff,           )
                               )
     v.                        )    No.  11 C 2675
                               )
BLATT, HASENMILLER, LEIBSKER & )
MOORE LLC,                     )
                               )
          Defendant.           )

                       MEMORANDUM ORDER

Chris Anderson ("Anderson") has tendered a proposed Complaint against Blatt, Hasenmiller, Leibsker & Moore LLC (the "Blatt Law Firm"), charging it with violation of the Fair Debt Collection Act ("Act," 15 U.S.C. §§1692 to 1692t). Anderson has accompanied his Complaint with an In Forma Pauperis Application ("Application"), using the Clerk's-Office-supplied form for that purpose. Under the teaching of our Court of Appeals, in forma pauperis status requires both a showing of poverty and the presentation of a claim that is nonfrivolous in the legal sense.

As for Anderson's financial condition, the Application is frankly puzzling. Its answers show Anderson to have been unemployed for more than four years and to be totally devoid of any assets or sources of income. If so, it is frankly difficult to understand how Anderson can survive other than as a street person, yet he lists 1244 State Street, Suite 316 in Lemont as his residence. Some further explanation of his answers is needed.

As to the Complaint, it appears to fail the "plausibility" test most recently dictated by the Supreme Court's Twombly-Iqbal duo. This memorandum order will mention two problematic aspects of the Complaint.

First, all that Complaint ¶9 says about the alleged activities of the Blatt Law Firm is this:

> Defendant has been attempting to collect from plaintiff debts incurred for personal, family or household purposes and not for business purposes, namely for a credit card account.

That skeletal summary statement fails to meet the notice pleading requirements that underpin the Federal Rules of Civil Procedure. Again more is needed by way of explanation of just what the Blatt Law Firm has done.

By contrast, Complaint ¶¶10 and 11 (particularly the former) are far more expansive as to Anderson's own conduct. But in that regard this Court is unaware of any authority that supports Anderson's assertion that the Act requires a debt collector to respond to the 73 requests that were contained in his February 23, 2011 letter (Complaint Ex. A) and that the failure to do so within 30 days (Complaint ¶10):

> constitutes Debt Collector's tacit agreement that Debt Collector has no verifiable, lawful, bona fide claim re the hereinabove-referenced alleged account, and that Debt Collector tacitly agrees that Debt Collector waives all claims against Respondent and indemnifies and holds Respondent harmless against any and all costs and fees heretofore and hereafter incurred and related re any and all collection attempts involving the hereinabove-referenced alleged account.

2

Nor does Anderson explain what authority specifies the consequences that assertedly flow from any noncompletion of what he characterizes as his "Debt Collector Disclosure Statement" (Complaint ¶10's second paragraph).

If Anderson has answers to the questions posed here, he can provide the necessary authorities and information in those respects by a filing on or before May 9, 2011. If that is not done, this Court will be constrained to deny the Application and to dismiss both the Complaint and this action without prejudice.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 25, 2011